# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 99-21053
## Summary Calendar

_____


**UNITED STATES OF AMERICA, EX REL., JACK J. GRYNBERG,**

**Plaintiff-Appellant,**

**versus**

**GPM GAS CORPORATION; PHILLIPS PIPELINE CO.,**

**Defendants-Appellees.**

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2484
- - - - - - - - - -
November 9, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jack J. Grynberg, relator, appeals from the district court's dismissal of his qui tam lawsuit under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. Grynberg sued the defendant companies on behalf of the Government, seeking to recover a portion of natural gas royalties owed the Government, based on the defendants' having allegedly mismeasured and falsely reported the volume and heating content of gas they produced on Indian lands. The district court dismissed the action pursuant to United States ex rel. Riley v. St. Luke's Episcopal Hospital, 982 F. Supp. 1261

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(S.D. Tex. 1997) ("<u>Riley I</u>"), indicating that Grynberg lacked standing under Article III of the Constitution to bring a lawsuit on behalf of the Government.

Both the relator and the defendants now acknowledge that both the Supreme Court and the Fifth Circuit sitting <u>en</u> <u>banc</u> have since recognized that a private citizen has standing to file an FCA complaint under the FCA's <u>qui</u> <u>tam</u> provisions. <u>See</u> <u>Vermont Agency of Natural Resources v. United States ex rel. Stevens</u>, 529 U.S. 765, 778 (2000); <u>Riley v. St. Luke's Episcopal Hosp.</u>, 252 F.3d 749, 752 (5th Cir. 2001) ("<u>Riley III</u>"). Moreover, the defendants admit that <u>Riley III</u> forecloses their contentions that the FCA's <u>qui</u> <u>tam</u> provisions violate the Take Care and Appointments Clauses of Article II of the Constitution. <u>See</u> <u>Riley III</u>, 252 F.3d at 758.

Accordingly, the decision of the district court is REVERSED and this case is REMANDED to the district court for further proceedings.

**REVERSED** AND **REMANDED**.